IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00141-LTB

CAROL G. MEAD on behalf of
JOHN R. MEAD (Deceased),

      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

# ORDER
_____

      Plaintiff, Carol Mead, acting on behalf of her deceased husband John Mead, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying her application for retroactive Social Security retirement insurance benefits for the time period beginning in July 2000 and ending in December 2002. Following a December 6, 2006, hearing, Administrative Law Judge ("ALJ") Paul Keohane issued an unfavorable decision on January 9, 2007. The Appeals Council determined there was no basis for changing the ALJ's decision, thus making it the Commissioner's final decision. Plaintiff has exhausted her administrative remedies and this case is ripe for judicial review. Jurisdiction is proper under 42 U.S.C. § 405(g). Oral arguments would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I AFFIRM.

## I. BACKGROUND

      John Mead ("Mr. Mead") was born on July 24, 1935. When Mr. Mead became eligible

for full Social Security retirement benefits in July 2000, he was residing in Malaysia. Carol Mead ("Mrs. Mead") claims Mr. Mead traveled to Kuala Lumpur at that time to inquire about filing an application for retirement benefits. Mrs. Mead claims Mr. Mead filled out some paperwork at the United States embassy, but was misinformed by an embassy official that he would need to be physically in the United States in order to file a retirement benefits claim. Mrs. Mead did not accompany her husband to Kuala Lumpur and has no documentation regarding the trip or the meeting at the embassy. Mr. Mead never received retirement benefits as a result of the trip.

In June 2003, Mr. Mead was hospitalized. Mrs. Mead contacted the regional benefits office and was given the appropriate paperwork to fill out for benefits eligibility. Mrs. Mead applied for benefits on June 25, 2003. Mr. Mead died on July 1, 2003, and Mrs. Mead returned to the United States shortly thereafter.

In October 2003, Mrs. Mead received retirement benefits on Mr. Mead's behalf commencing as of December 2002—six month prior to the June 25, 2003, application. Mrs. Mead appealed the award date, arguing the benefits should have been backdated to July 2000, when the meeting occurred in Kuala Lumpur. Mrs. Mead argued that—but for the misinformation given Mr. Mead by the embassy official—Mr. Mead would have filed a proper application at that time.

## II. ALJ HEARING

The ALJ held a hearing on December 6, 2006. At the hearing, Mrs. Mead testified that Mr. Mead had planned on retiring at age 65, and went to the United States embassy to fill out the paperwork [Administrative Record "AR" 310]. Mrs. Mead testified she did not attend the

meeting with her husband, and all documentation of the meeting—if it existed at all—was destroyed when the Meads's personal possessions were seized in Malaysia for unpaid rent [AR 311–12, 315–18].

Mrs. Mead testified she did not know if Mr. Mead had filed a written application for benefits in July 2000—although she assumed he did—because he was told by an employee of the embassy in Kuala Lumpur that he had to be physically in the United States to apply for benefits [AR 312]. Mrs. Mead was later informed by Darien Akins—also a representative of the United States embassy in Malaysia—that this information was incorrect [AR 310–11]. Mrs. Mead testified it was Mr. Mead's intent to apply for retirement benefits when he turned 65, but he was prevented from doing so by his reliance on the misinformation [AR 311, 313–14].

Following the hearing, the ALJ issued a written opinion on January 9, 2007 [AR 16–18]. The ALJ considered Mrs. Mead's appeal in light of Social Security regulations providing that when a claimant fails to file an application on a specific date because of misinformation provided to the claimant by a Social Security representative, a later-filed application can be retroactively dated to the date the misinformation was provided. *See* 20 C.F.R. § 404.633. The ALJ found, however, that Mrs. Mead could not show Mr. Mead was ever provided such misinformation. The ALJ noted Mrs. Mead did not attend the meeting in July 2000, and had no evidence of the meeting's occurrence—including the misinformation allegedly given Mr. Mead in the meeting—other than her second-hand recounting of Mr. Mead's reports. The ALJ found:

> As the claimant was not an eyewitness to the alleged July 2000 conversation between her husband and the U.S. Embassy personnel, and as she has no documents or other material evidence to establish that the claimant was provided with misinformation by a representative of the U.S. government, which prevented him from filing a timely application for retirement benefits, the undersigned finds that Mrs. Mead has failed to meet the burden of proving that the claimant was

3

disadvantaged by the actions of an official representative of the Administration. The ALJ then concluded Mrs. Mead was properly awarded benefits beginning December 2002, based on the application filed in June 2003.

### III. STANDARD OF REVIEW

My review in a Social Security appeal is limited to whether the final decision is supported by substantial evidence and the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Although I do not reweigh the evidence or try the issues *de novo*, I must examine the record as a whole—including anything that may undercut or detract from the ALJ's findings—in order to determine if the substantiality test has been met. *Id*. at 1262. Evidence is substantial if it amounts to "more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987). Evidence is not substantial if it is overwhelmed by other evidence in the record, or constitutes a mere conclusion. *Grogan*, 399 F.3d at 1261–62. If the ALJ's decision is not supported by substantial evidence, or if the ALJ failed to provide a sufficiently clear basis from which I may determine the appropriate legal standards were applied, I may reverse. *Washington v. Shalala*, 37 F.3d 1437, 1440 (10th Cir. 1994).

### IV. DISCUSSION

Although Mrs. Mead raises numerous "issues" on appeal, the only relevant issue is whether the ALJ's decision—that Mrs. Mead did not show Mr. Mead acted in reliance on misinformation when he failed to file his application for retirement benefits in July 2000—was based upon substantial evidence and the correct legal standards. Under Social Security regulations, the agency will consider the following evidence in making a determination that a

4

claimant was given misinformation:

> (1) Preferred evidence. Preferred evidence is written evidence which relates directly to your inquiry about your eligibility for benefits or the eligibility of another person and which shows that we gave you misinformation which caused you not to file an application. Preferred evidence includes, but is not limited to, the following--
>> (i) A notice, letter or other document which was issued by us and addressed to you; or
>> (ii) Our record of your telephone call, letter or in-person contact.
>
> (2) Other evidence. In the absence of preferred evidence, we will consider other evidence, including your statements about the alleged misinformation, to determine whether we gave you misinformation which caused you not to file an application. We will not find that we gave you misinformation, however, based solely on your statements. Other evidence which you provide or which we obtain must support your statements. Evidence which we will consider includes, but is not limited to, the following--
>> (i) Your statements about the alleged misinformation, including statements about--
>>> (A) The date and time of the alleged contact(s);
>>> (B) How the contact was made, e.g., by telephone or in person;
>>> (C) The reason(s) the contact was made;
>>> (D) Who gave the misinformation; and
>>> (E) The questions you asked and the facts you gave us, and the questions we asked and the information we gave you, at the time of the contact;
>>
>> (ii) Statements from others who were present when you were given the alleged misinformation, e.g., a neighbor who accompanied you to our office;
>> (iii) If you can identify the employee or the employee can recall your inquiry about benefits--
>>> (A) Statements from the employee concerning the alleged contact, including statements about the questions you asked, the facts you gave, the questions the employee asked, and the information provided to you at the time of the alleged contact; and
>>> (B) Our assessment of the likelihood that the employee provided the alleged misinformation;
>>
>> (iv) An evaluation of the credibility and the validity of your allegations in conjunction with other relevant information; and
>> (v) Any other information regarding your alleged contact.

20 C.F.R. § 404.633(d). The burden is on the claimant to prove he received such misinformation. *See Grubart v. Shalala*, 913 F. Supp. 243, 247 (S.D.N.Y. 1996); *Haley v. Barnhart*, No. 01-4079, 2003 WL 23218083, at *4 (D. Kan. Oct. 16, 2003); 42 U.S.C. §

5

402(j)(5).

It is not disputed that no "preferred evidence" was presented to the administration or the ALJ in this case. It is also not disputed that no statements were provided from third persons who were present when Mr. Mead was given the alleged misinformation, and Mrs. Mead was unable to identify the employee with whom Mr. Mead spoke. Accordingly, the only "other evidence" that existed was Mr. Mead's statements to Mrs. Mead. As the regulation makes clear, the agency will not find that it gave a claimant misinformation based solely on the claimant's statements. *See* 20 C.F.R. § 404.633(d)(2) ("We will not find that we gave you misinformation, however, based solely on your statements. Other evidence which you provide or which we obtain must support your statements").

The burden is on the claimant to show he was given misinformation. *See Vargo v. Sec'y of Health and Human Servs.*, 913 F. Supp. 157, 160 (W.D.N.Y. 1995). In order for information to be deemed "misinformation," it must be compared to the facts given to the agency representative. *See* 20 C.F.R. § 404.633(c)(2) ("Misinformation is information which we consider to be incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware, or should have been aware, regarding your particular circumstances"); *see also Vargo*, 913 F. Supp. at 160. As the ALJ properly noted, even if Mr. Mead's statements were sufficient, Mrs. Mead "did not attend that meeting with her husband [and] can provide no eyewitness account of the specifics of the meeting, or even identifying information for the individual with whom she states her husband met." [AR 18]. As there is no evidence in the record—including the testimony of Mrs. Mead—from which the ALJ could have determined the facts given to the embassy official by Mr. Mead in July 2000, there is

likewise no evidence in the record from which the ALJ could conclude any "misinformation" was given Mr. Mead at all. Accordingly, the ALJ's decision was supported by substantial evidence. *See Grubart*, 913 F. Supp. at 247–48 ("As there was a reasonable basis for the ALJ to conclude that plaintiff did not meet her burden of proving that she received misinformation from the SSA, there was substantial evidence for the Secretary's decision, which therefore should be sustained").

## V.  CONCLUSION

Review of the ALJ's decision shows the ALJ applied the correct legal standards and his factual findings were supported by substantial evidence. Accordingly, the ALJ's January 9, 2007, administrative decision in this matter is AFFIRMED.


Dated: December __17__, 2008.


                BY THE COURT:

                   s/Lewis T. Babcock
                Lewis T. Babcock, Judge